UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK CANNON, et al.,

    Plaintiffs,

v.                            Case No. 8:09-cv-739-T-33TBM

CITY OF SARASOTA, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 3). Plaintiffs filed a Response thereto (Doc. # 6), and Defendants, with leave of Court, filed a Reply (Doc. # 9).

I. Background

Plaintiffs allege in Counts I and II of their Amended Complaint (Doc. # 2) that, via § 1983, Defendants violated their rights under the First and Fourteenth Amendments of the United States Constitution. Counts III and IV allege violations of Plaintiffs' due process rights protected by Article I, Section 9 of the Florida Constitution.

At issue in this case is § 316.3045 of the Florida Statutes, which makes it unlawful for any person operating or "occupying a motor vehicle on a street or highway to operate or amplify the sound produced by a radio, tape player, or other mechanical

soundmaking device or instrument from within the motor vehicle so that the sound is plainly audible at a distance of 25 feet or more from the motor vehicle." Fla. Stat. § 316.3045(1)(a) (the "Statute").

Defendant City of Sarasota (the "City") enacted Ordinance No. 08-4816 (the "Ordinance"), which provides for the impoundment of vehicles when a police officer has probable cause to believe that the vehicle was used to facilitate a violation of the Statute. Sarasota Code § 33-271.

On November 12, 2008, Plaintiff Cannon was stopped by City police officer Kenneth Goebel for "loud music" and was cited for violation of the Ordinance and the Statute. (Am. Compl. ¶ 30, 31). Cannon's citation was for "Stereo - Loud Car Stereo Heard over 25 Feet Away." (Am. Compl. ¶ 31). Cannon alleges that he was playing music in his vehicle at a raised volume and that the type of music he was playing included a rhythmic bass reverberating type sound. (Am. Compl. ¶ 28). Cannon also alleges that he likes to express himself by singing along with the music he plays and that "his expression through music includes current social and political topics from his particular viewpoint." (Am. Compl. ¶ 28). Cannon's vehicle was seized pursuant to the Ordinance, and Cannon paid fines and towing fees as a result of the November 12, 2008 citation. (Am. Compl. ¶ 31, 32).

On November 26, 2008, Plaintiff Allen was cited by City police officer Jaymi Delcos for violation of the Ordinance and the Statute because the radio in her motor vehicle could be heard more than 25 feet from the source. (Am. Compl. ¶ 39-41). Allen alleges that the type of music she plays includes a rhythmic bass reverberating type sound. (Am. Compl. ¶ 37). Allen also alleges that she likes to express herself by singing along with the music she plays in her vehicle and that "[h]er expression through music includes current social and political topics from her particular viewpoint." (Am. Compl. ¶ 37). Allen alleges that she hired an attorney to represent her to defend against the citation and that the City ultimately entered a nolle prosequi in the civil traffic action upon which the citation was based. (Am. Compl. ¶ 42-43).

On December 16, 2008, Cannon was cited by City police officer Miller for violation of the Ordinance and the Statute; Cannon's vehicle was not seized. Cannon's citation was for "Stereo - Loud Car Stereo Heard over 25 Feet Away." (Am. Compl. ¶ 34). Cannon paid fines related to the December 16, 2008 citation (Am. Compl. ¶ 33-35).

On March 23, 2009, Allen was cited by City police officer Frank for violation of the Ordinance and the Statute because the radio in her motor vehicle could be heard more than 25 feet from the source. (Am. Compl. ¶ 46). Allen alleges that she has hired

an attorney to defend her regarding the March 23, 2009 citation (Am. Compl. ¶ 45-48).

II. Standard of Review

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).

The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

III. Analysis

A. Claims Against Defendant Peter Abbott

Defendants first move to dismiss the claims against Defendant Sarasota Police Chief Peter Abbott, in his official capacity, as redundant. An "official capacity" suit is, in all respects other than name, to be treated as a suit against the entity. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Ordinarily, the proper method for a plaintiff to recover is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly. Suing both is redundant and potentially confusing. Busby v. City of Orlando, 931 F. 2d 764, 776 (11th Cir. 1991).

Plaintiffs do not oppose the dismissal of Chief Abbott from this case in his official capacity. Plaintiffs request that such a dismissal be without prejudice in case discovery reveals a basis for a claim against Chief Abbott in his individual capacity. As Defendants point out, however, Plaintiffs have only pled a claim against Chief Abbott in his official capacity.

The Court finds that Plaintiffs claims against Chief Abbott in

5

his official capacity are redundant as Plaintiffs have also sued the City. The claims against Chief Abbott in his official capacity are dismissed with prejudice. This dismissal does not preclude any potential claims against Chief Abbott in his individual capacity.

    B.    Claims that the Statute and the Ordinance Violate the First Amendment

Defendants next move this Court to dismiss Counts I and II of the Amended Complaint arguing that the citation of Plaintiffs under the Statute for their loud car stereos that could be heard over 25 feet away does not violate the First Amendment. Defendants contend that the Plaintiffs' claims are misplaced as the Statute addresses noise and not speech, and they cite to Davis v. State, 710 So.2d 635, 636 (Fla. 5th DCA 1998), in support of their argument that the Statute does not violate the First Amendment. Davis, however, is distinguishable in that it dealt with a prior version of the Statute in which the distance from which the car stereo could be heard was 100 feet (instead of the current lesser distance of 25 feet). In addition, the Davis case did not appear to involve a content-based claim as is asserted by Plaintiffs in this case.

Analysis of the regulation of speech begins with whether the regulation is content-based or content-neutral. See KH Outdoor, LLC v. Trussville, 458 F.3d 1261, 1268-69 (11th Cir. 2006). An intermediate level of judicial scrutiny is used where the

6

regulation is unrelated to content.  Turner Broad. Sys., Inc. v. Federal Communications Comm'n, 512 U.S. 622, 642-43 (1994).  Where a regulation, on the other hand, suppresses, disadvantages or imposes differential burdens upon speech because of its content, "the most exacting scrutiny" must be applied.  Id.  Such content-based discrimination is "presumptively impermissible" and will be upheld only if it is narrowly tailored to serve a compelling state interest with the least possible burden on expression.  See City of Ladue v. Gilleo, 512 U.S. 43, 59 (1994); Widmar v. Vincent, 454 U.S. 263, 269-70 (1981).

Plaintiffs cite to People v. Jones, 702 N.E.2d 984 (Ill. App. Ct. 1998), and People v. Jones, 721 N.E.2d 546 (Ill. 1999), in support of their contention that this case involves a content-based analysis, as opposed to a content-neutral analysis, and that there is no compelling state interest served by the exemptions set forth in the Statute.  Plaintiffs have also filed two Florida circuit court cases as supplemental authority, both of which support the finding that the Statute is unconstitutional on its face.  See State v. Middlebrooks, 2008 CT 043666 AXX (Fla. 15th Cir. Aug. 6, 2009)(Doc. # 15); Catalano v. State, CRC-08-00054 APANO (Fla. 6th Cir. Feb. 4, 2010) (Doc. # 20).  The Court finds these cases more applicable to the case at bar than Davis.  Based on the holdings in these cases, the Court finds that Plaintiffs' claims are sufficient

to withstand Defendants' Motion to Dismiss, and Defendants' motion is denied as to Counts I and II.

    C.   Cannon's § 1983 Claims

Defendants assert that regardless of the constitutionality of the Statute and the Ordinance, Cannon's § 1983 claims should be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of this conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. Defendants contend that Cannon's payment of the fine and fees indicates that he admitted the infraction and failed to challenge his citation under the Statute or the Ordinance. Defendants argue that, accordingly, Cannon's attempt to challenge those violations by bringing a constitutional challenge under § 1983 must fail because a judgment in Cannon's favor would necessarily imply the invalidity of his admitted violations of the Statute and the Ordinance.

The Court is not convinced at this stage of the proceedings that Cannon's § 1983 claims necessarily imply the invalidity of an underlying conviction or that the case law cited by Defendants should be extended to the facts of this case. Accordingly, in an

abundance of caution, this Court will deny the motion on this ground pending further development of the record.

D. Due Process Claims

Plaintiffs challenge the impoundment provision of the Ordinance based on the due process clause of the Florida Constitution. Plaintiffs seek declaratory and injunctive relief, monetary damages, costs and attorney's fees. Defendants argue that these claims fail for a number of reasons.

1. Monetary Damages

Defendants first contend that Plaintiffs cannot state a claim for monetary damages against the City for a violation of the Florida Constitution. This Court agrees.

The Florida Supreme Court has held that a claim for monetary damages cannot be maintained for alleged violations of the Florida Constitution. See Hill v. Dep't of Corrections, 513 So.2d 129, 133 (Fla. 1987)[1]; Doss v. Dep't of Corrections, 889 So.2d 1012, 1012 (Fla. 1st DCA 2004); Garcia v. Reyes, 697 So.2d 549, 551 (Fla. 4th

---

[1]The holding in Hill was limited by Howlett v. Rose, 496 U.S. 356 (1990), to the extent that Hill no longer applies to bar monetary damages against municipalities in federal constitutional claims arising under § 1983. Hill is still applicable, however, to bar monetary damages in relation to claims brought under the Florida Constitution. See Garcia v. Reyes, 697 So.2d 549, 550 (Fla. 4th DCA 1997)(concluding that the United States Supreme Court's decision in Howlett "did not . . . disturb Hill's broader statement that the waiver of sovereign immunity pursuant to section 768.28 extended to traditional torts but not to 'constitutional torts'").

DCA 1997)(finding that "there is 'no support for the availability of an action for monetary damages, based on . . . [a] violation of the right to due process, as guaranteed by the Florida Constitution"). Accordingly, Counts III and IV are dismissed to the extent that they seek monetary damages. The remaining relief sought is declaratory and injunctive relief.

    2.   Attorney's Fees

Defendants also submit that there is no statutory or contractual basis for Plaintiffs' claim for attorney's fees as to Counts III and IV. Plaintiffs clarify in their response that they are seeking attorney's fees as to Counts I and II only and that attorney's fees are not being sought as to Counts III and IV. Accordingly, Defendants' motion to dismiss is granted as to attorney's fees as to Counts III and IV only.

    3.   Due Process

Defendants finally claim that Allen and Cannon's due process challenges fail as a matter of law because the Ordinance provides adequate post-deprivation remedies to satisfy the constitutional requirements. Plaintiffs respond that the Ordinance suffers from a critical defect in that it allows for the impoundment of vehicles under a constitutionally deficient standard of proof. They assert that the Ordinance violates due process because the standard provided is "preponderance of the evidence," not "clear and

convincing." The Ordinance, however, was amended on March 16, 2009, to provide a clear and convincing evidence standard. As the Court has dismissed the monetary damages and the only remaining relief sought is prospective in nature, i.e., declaratory and injunctive, the Court finds that Counts III and IV are due to be dismissed as moot.[2]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 3) is **DENIED** as to Counts I and II and is **GRANTED** as to the claims against Chief Abbott in his official capacity and as to Counts III and IV.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of March, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

---

[2] Accordingly, the Court need not reach Defendants' argument that Allen lacks standing to challenge the Ordinance.

11